15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anthel Lavan BROWN, Plaintiff-Appellant,
v.
Jack McCORMICK, Warden, et al., Defendant-Appellee.
 No. 93-35259.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthel LaVan Brown, a Montana state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Brown's 42 U.S.C. Sec. 1983 civil rights action. Brown claims that his due process rights were violated in a disciplinary action taken against him. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 After a disciplinary hearing, Brown was convicted of two offenses for his involvement in a fight with another inmate. As a result, Brown's security classification was increased to maximum and Brown lost his prison job and the ability to earn good time credits. Brown claims the investigator assigned to his case failed to perform a full investigation as required by prison policy, and, as a result, failed to present exculpatory evidence[1] to the hearing officer. Specifically, Brown contends that the investigator failed to interview the witnesses Brown expressly identified and take fingerprints from a weapon involved in the incident.
 
 
 5
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. Sec. 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal law. 42 U.S.C. Sec. 1983; Karim-Pahani v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A liberty interest protected by the due process clause of the Fourteenth Amendment may arise from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A state may create a protected liberty interest through the enactment of regulatory measures that "establish 'substantive predicates' to govern official decisionmaking" and "contain 'explicitly mandatory language.' " Thompson, 490 U.S. at 462-63 (quoting Hewitt v. Helms, 459 U.S. 460, 462-63 (1983)).
 
 
 6
 Montana prison regulations provide that when an inmate is subject to disciplinary proceedings, he shall be provided a hearing investigator to assist him with gathering evidence for the disciplinary proceeding. Inmate Disciplinary Policy, PD 85-216. The policy lists in detail the specific duties of the hearing investigator.[2]
 
 
 7
 Here, the district court concluded that the mandatory language in the prison policy establishing the duties of the hearing investigator created a protected liberty interest.[3] The district court then granted summary judgment[4] for defendants on the ground that the affidavits and evidence submitted by defendants showed that the investigator had fulfilled his duties under the policy.
 
 
 8
 On appeal, Brown contends that the district court erred by granting summary judgment because the affidavits he proffered controverted the affidavits and evidence submitted by the defendants and, therefore, there are genuine issues of material fact.
 
 
 9
 In support of their motion for summary judgment, defendants attached the affidavit of Larry Bearley, the investigator assigned to Brown's case. Bearley asserted that Brown demanded that he interview approximately 130 inmates housed in the unit where the incident occurred, but provided Bearley with the name of only one specific individual, Jim Cavanaugh, who was interviewed.
 
 
 10
 Brown submitted several affidavits which set forth specific facts which controverted the assertion that Bearley interviewed all the witnesses Brown specifically identified.[5] In his own affidavit, Brown asserted that he requested the investigator to interview four witnesses, Dennis Doney, Kenny Robbins, Jim Cavanaugh, and Randy Porubeck. Brown also submitted the affidavits of Doney, Robbins, and Porubeck who each asserted that they were witnesses and they were not interviewed by the investigator assigned to Brown's case. Doney further stated that he saw the other inmate involved in the fight with a knife in his hand trying to stab Brown.
 
 
 11
 While appellees have proffered evidence that the investigator assigned to Brown's case fulfilled his duties as required by PD 85-216, the evidence is controverted by the affidavits submitted by Brown. Thus, Brown has set forth specific facts showing that there are genuine issues of triable fact regarding the performance of the investigator's duties. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1045. Accordingly, the district court's order granting summary judgment is vacated and the case is remanded for further proceedings.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown claims he was attacked by the other inmate and that he was defending himself
 
 
 [2]
 The specific policies alleged by Brown to have been violated, in pertinent part, are as follows:
 INMATE DISCIPLINARY POLICY, PD 85-216
 Hearing Investigator Responsibilities:
 It will be the duty of the Hearing Investigator to investigate each major misconduct report when assigned by the Shift Supervisor or the Hearing Officer, The investigation will include the following ...
 b. Take names and numbers of all witnesses requested and ask specific questions which the inmate wishes to have asked ...
 d. Interview requested witnesses and write down their statements. If any are not interviewed, or if questions which were requested were not asked, the reason must be in writing ...
 e. Interview all other known, relevant witnesses and write down their statements ...
 j. Give witness' statements and misconduct report to Hearing Officer for scheduled disciplinary hearing.
 
 
 [3]
 The parties do not dispute this finding on appeal
 
 
 [4]
 The district court treated defendants' motion to dismiss for failure to state a claim as a motion for summary judgment because both parties had submitted matters outside the pleadings. See Fed.R.Civ.P. 12(c); Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1430 (9th Cir.1984)
 Brown contends that he was not given an opportunity to present evidence opposing summary judgment. This contention is not supported by the record. The district court's order granting defendants summary judgment specifically advised Brown that he had twenty days to present affidavits and evidence opposing the summary judgment. See Brown v. McCormick, CV-89-038-BU, Memorandum Decision and Order at 5 n. 1 (D.Mont. Feb. 26, 1993).
 
 
 [5]
 The affidavits were submitted in support of Brown's motion for a temporary restraining order